IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
- BROWNSVILLE DIVISION -

United States District Court
Southern District of Texas
ENTERED
MAR 18 1999
Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| ELVIA DE LEON | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-98-072 |
| | § | |
| HARLINGEN CONSOLIDATED | § | |
| INDEPENDENT SCHOOL DISTRICT; | § | |
| SAN BENITO CONSOLIDATED | § | |
| INDEPENDENT SCHOOL DISTRICT; | § | |
| and JOSE GONZALES, Individually and | § | |
| in his Official Capacity as Superintendent | § | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Pending before this court are Defendant Harlingen Consolidated Independent School District's Motion for Summary Judgment (Docket No. 10), and Defendants San Benito Consolidated Independent School District and Jose Gonzalez's, Individually and in his Official Capacity as Superintendent of Schools of San Benito Consolidated Independent School District, Motion for Summary Judgment (Docket No. 14).

De Leon has failed to respond to either of these Motions.

Elvia De Leon ("De Leon") sued the Harlingen Consolidated Independent School District ("HCISD"), San Benito Consolidated Independent School District ("SBCISD") and Jose Antonio Gonzalez ("Gonzalez"), Individually and in his Official Capacity as Superintendent of Schools within the SBCISD in Cameron County. On May 14, 1998, the case was removed to this court pursuant to 28 U.S.C. § 1441(b) as violations of constitutionally protected rights were claimed. (Docket No. 1, Notice of Removal).

## FACTUAL BACKGROUND

De Leon is a fifty-five (55) year old, Hispanic, bilingual certified teacher. (Docket No. 18). In her Second Amended Original Petition (Docket No. 18), De Leon alleges that after teaching in the Rio Grande Valley for almost ten years she was unable to obtain employment after 1993 because of the wrongful acts of the Defendants. As a result of these alleged wrongful acts, De Leon brings several causes of action including breach of contract, civil conspiracy, constitutional violations, and intentional infliction of emotional distress. *Id.*

De Leon claims that she was a teacher employed by the Los Fresnos Consolidated Independent School District ("LFCISD") during the 1991-1992 school year. *Id.* After a series of unfavorable evaluations, De Leon was informed by the LFCISD administration that she would not be rehired for the 1992-1993 school year. *Id.* De Leon filed an EEOC complaint which was resolved by her being rehired by LFCISD for the 1992-1993 school year. *Id.*

In January 1993, De Leon took a leave of absence following an injury at work. *Id.* When she attempted to return to work, she was informed that no positions were available. *Id.* Subsequently, De Leon applied for employment with the Brownsville Independent School District ("BISD") and was rejected. *Id.*

On or about July 12, 1995, De Leon alleges to have signed a contract with the SBCISD. *Id.* However, in August 1995, before the start of the school year, De Leon was told she did not have a job. *Id.* De Leon claims that she learned that the SBCISD decided to deny her employment after speaking with her former employers. *Id.* Personnel Director, Frank Miller, and Personnel Secretary, Joyce Taubert, allegedly informed SBCISD that De

2

Leon had a "problem" with a student in the HCISD. *Id.* In a meeting with Superintendent Gonzalez, De Leon learned that SBCISD had also conferred with LFCISD regarding her employment. *Id.*

De Leon alleges that subsequent applications for employment at other school districts in the Valley have been rejected. *Id.* De Leon claims that her inability to find employment is a result of the Defendants conspiracy to "blackball" her and force her from continuing her career as a teacher in the Rio Grande Valley. *Id.*

## DE LEON'S CAUSES OF ACTION

### *Breach of Contract*

De Leon alleges that SBCISD and Gonzalez, in his official capacity, breached their teaching contract for the 1995-1996 school year in denying her a job in August 1995.

### *Civil Conspiracy*

De Leon claims that HCISD, SBCISD, and Gonzalez entered into a civil conspiracy to ruin her teaching career in the Rio Grande Valley. However, De Leon brings this cause of action solely against Gonzalez in his individual capacity recognizing that suit against the other Defendants is barred by immunity. As a direct result of the conspiracy between the Defendants, De Leon alleges she has suffered mental and financial ruin.

### *Constitutional Violations*

De Leon alleges that the Defendants violated her rights to equal protection pursuant to the Fourteenth Amendment to the United States Constitution and Article One Section 3 of the Texas Constitution of 1876. Specifically, De Leon argues she was deprived of her right to equal protection as a result of an intentional race-based conspiracy to treat her differently

3

than other teachers in the Rio Grande Valley.

In addition, De Leon asserts federal constitutional violations pursuant to 42 U.S.C. § 1983. De Leon claims that her right to substantive and procedural due process guaranteed by the Fourteenth Amendment to the United States Constitution and Article One Section 19 of the Texas Constitution have been violated by HCISD. The basis of this constitutional violation is HCISD allegedly having falsely accused De Leon of having a "problem" with a student. As a direct result of this false accusation, De Leon claims she has been unable to find employment in the Valley and therefore deprived of a constitutionally guaranteed liberty interest. She further argues that Gonzalez and SBCISD have deprived her of a constitutionally guaranteed property right by breaching her employment contract. De Leon claims that these constitutional deprivations were without due process of law.

*Intentional Infliction of Emotional Distress*

De Leon argues that Gonzalez actions were extreme and outrageous, and motivated by bad faith and malice. As a result, De Leon claims she has suffered severe emotional distress from the loss of her livelihood as a teacher and is therefor entitled to recover damages for intentional infliction of emotional distress.

*Injunctive Relief*

De Leon seeks injunctive relief. Specifically, De Leon requests that Defendants purge any negative documents from her teaching file.

*Damages*

Additionally, De Leon prays for attorneys fees and compensatory damages. She also seeks punitive damages against "Defendant Garcia," in his individual capacity. It is assumed

4

that Defendant Garcia is in fact Gonzalez. This mistake was frequent in Plaintiff's First Amended Original Petition. (Docket No. 1).

## DEFENDANTS' ARGUMENTS

### HCISD's Motion for Summary Judgment

HCISD first argues that there is no cause of action for a "constitutional tort" under the Texas Constitution. HCISD further contends that De Leon's 42 U.S.C. § 1983 claims were not filed within two years of their accrual and are thus barred by the Texas two year limitation statute. With respect to De Leon's constitutional claims, HCISD argues that in addition to being barred by limitations, they are unsubstantiated by any competent summary judgment evidence.

In the alternative, HCISD argues that it is entitled to summary judgment because De Leon's constitutionally based claims that her career was damaged by false accusations must fail. HCISD argues that under Texas law, Tex. Educ. Code Ann. § 21.204(c), employment contracts must be approved by the school district's Board of Trustees. De Leon's "contract" with SBCISD was never approved by that District's Board of Trustees. Therefore, De Leon's expectation of employment does not rise to a constitutionally protected property right which would afford her a cause of action.

HCISD further argues that De Leon's liberty interest and due process claims must fail since she cannot show that the alleged statement made by HCISD regarding De Leon's problem with a student is false. HCISD points out that De Leon's 1992 application for employment (Docket No. 10, Exhibit B attachment) states that she left her job with HCISD in 1991 because "I feel I can't help my lower level class students enough."

5

## SBCISD and Gonzalez's Motion for Summary Judgment

SBCISD and Gonzalez argue that De Leon's real claims against them are for breach of contract and conspiracy and/or defamation. They argue that summary judgment is appropriate for the following reasons:

1. Tex. Civ. Prac. & Rem. Code Ann § 101.021 does not waive sovereign immunity for the claims brought by De Leon.

2. De Leon's tort claims against SBCISD are barred by Tex. Civ. Prac. & Rem. Code Ann. § 101.051.

3. Tex. Civ. Prac. & Rem. Code Ann. § 101.026 gives Gonzalez individual immunity.

4. There are no causes of action for civil conspiracy, intentional infliction of emotional distress and defamation under Tex. Civ. Prac. & Rem. Code Ann. § 101.057 since these are intentional torts.

5. There never was an executed contract between De Leon and SBCISD.

6. De Leon's claims do not allege acts which rise to the level of a deprivation of any constitutionally protected right.

SBCISD contends that it is entitled to summary judgment because the Texas Tort Claims Act, Tex. Civ. Prac. & Rem. Code Ann. § 101.001 et seq., does not waive sovereign immunity for De Leon's claims. Additionally, the tort claims made by De Leon are for intentional torts. SBCISD sustains that Tex. Civ. Prac. & Rem. Code Ann. § 101.057 bars a cause of action against a governmental entity for intentional torts.

Further, SBCISD argues that De Leon does not have a breach of contract claim,

6

because Tex. Educ. Code Ann. § 21.002 states that teachers may be hired under probationary, continuing or term contracts. SBCISD policy (Docket No. 14, Exhibit A attachment) states that the SBCISD superintendent makes recommendations to the School Board which, in turn, makes the selections for teachers. De Leon was never selected for 1995-1996 by the School Board.

Gonzalez argues that the only claims against him are based on De Leon's allegations that he breached her teaching contract which was, according to her, signed on July 12, 1995. (Docket 17, Section IV, Paragraph 19). The Gonzalez affidavit (Docket No. 14, Exhibit A) states that he became superintendent of SBCISD on November 14, 1995. Gonzalez asserts that Tex. Civ. Prac. & Rem. Code Ann. § 101.026 and Tex. Educ. Code Ann. § 22.051 gives him immunity from De Leon's claims.

With respect to the constitutional claims, SBCISD and Gonzalez argue that De Leon cannot show a policy, practice, or custom on the part of SBCISD, thus her section 1983 claims should be dismissed. They also argue that De Leon has no constitutionally protected property or liberty interest in employment or the claims of conspiracy and false accusations she makes.

Finally, SBCISD and Gonzalez argue that De Leon's claims under 42 U.S.C. § 1983 and the Fourteenth Amendment to the United States Constitution are barred by the two year Texas limitation statute, Tex. Civ. Prac. & Rem. Code Ann. § 16.003.

## RECOMMENDATION

De Leon's claims all arise from her contention that SBCISD breached its contract with her in August 1995. Her Original Petition was filed on November 4, 1997, in Cameron

County, Texas. De Leon's section 1983 claims are barred by the two year Texas limitations statute which applies to causes of action pursuant to section 1983. **Tex. Civ. Prac. & Rem. Code Ann. § 16.003 (Vernon Supp. 1999)**; *Flores v Cameron,* 92 F.3d 258 (5th Cir. 1996).

In order to establish liability under 42 U.S.C. § 1983, a plaintiff must show that the alleged damages were affirmatively caused by a "policy, custom, or practice" of the defendant. *Monell v. New York Dept. Social Services,* 436 U.S. 685 (1978); *Leffall v. Dallas Independent School District,* 28 F.3d 521, 525 (5th Cir. 1994). De Leon's pleadings are totally devoid of any allegations that would show that the complaints she makes pursuant to section 1983 are grounded on a policy or custom of either school district defendant. *Leffall,* 28 F.3d at 525.

Even if De Leon's claims were not barred by limitations, they have no merit. The Texas Tort Claims Act waives sovereign immunity in limited areas. **Tex. Civ. Prac. & Rem. Code Ann. § 101.001 et seq. (Vernon 1997 & Supp. 1999).** With respect to school districts, immunity is waived only for claims arising out of motor vehicle claims. **Tex. Civ. Prac. & Rem. Code Ann. § 101.051 (Vernon 1997).** However, sovereign immunity in Texas has not been waived for intentional torts. **Tex. Civ. Prac. & Rem. Code Ann. § 101.057 (Vernon 1997).** Many of De Leon's complaints are intentional tort allegations. Accordingly, these claims are barred by sovereign immunity under the Texas Tort Claims Act.

De Leon faces another high hurdle. Texas statutes are clear. Unless a contract with a teacher is approved by a school board, it is not a contract. **Tex. Educ. Code Ann. §§ 21.002 and 21.204(c) (Vernon 1996).** The uncontroverted summary judgment evidence in

this case is that SBCISD never entered into a contract with De Leon in 1995. Therefore, De Leon allegations fail to state a cause of action for breach of contract.

The case against Gonzalez fails for two reasons. Under both the Texas Tort Claims Act and the Texas Education Code, he is immune from suit for claims arising out of the performance of his official duties. **Tex. Educ. Code Ann. § 22.051 (Vernon 1997); Tex. Civ. Prac. & Rem. Code Ann. § 101.026 (Vernon 1996)**. Assuming, arguendo, that he was the Superintendent of SBCISD during the summer of 1995 and that he entered into an agreement with De Leon, Gonzalez's actions would have fallen within the scope of his official duties. *Rogan v. Lewis,* 975 F. Supp. 956, 961 (S.D. Tex. 1997); *Jones v. Houston Independent School District*, 805 F. Supp. 476, 479 (S.D. Tex. 1991).

Finally, De Leon makes claims under the Texas Constitution. It is axiomatic that violations of the Texas Constitution do not provide a cause of action against governmental entities. *City of Beaumont v. Bullion*, 896 S.W.2d 143 (Tex. 1995).

De Leon's claims are without merit. IT IS THEREFORE RECOMMENDED that Defendant Harlingen Consolidated Independent School District's Motion for Summary Judgment (Docket No. 10) should be **GRANTED**, and Plaintiff Elvia De Leon's claims against the Defendant for breach of contract, civil conspiracy, federal and state constitutional violations, and intentional infliction of emotional distress be **DISMISSED WITH PREJUDICE.**

IT IS FURTHER RECOMMENDED that Defendants San Benito Consolidated Independent School District and Jose Gonzalez's, Individually and in his Official Capacity as Superintendent of Schools, Motion for Summary Judgment (Docket No. 14) should be **GRANTED**, and Plaintiff Elvia De Leon's claims against the Defendants for breach of contract,

9

civil conspiracy, federal and state constitutional violations, and intentional infliction of emotional distress should be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. See *Douglass v. United Service Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

DONE at Brownsville, Texas, this the __17TH__ day of March, 1999.

_____
John Wm. Black
United States Magistrate Judge