29

United States District Court
Southern District of Texas
FILED
JUN 22 1999
Michael N. Milby, Clerk of Court

# IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS - BROWNSVILLE DIVISION -

| | | |
|---|---|---|
| ELVIA DE LEON | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-98-072 |
| | § | |
| HARLINGEN CONSOLIDATED INDEPENDENT SCHOOL DISTRICT; SAN BENITO CONSOLIDATED INDEPENDENT SCHOOL DISTRICT; and JOSE GONZALES, Individually and in his Official Capacity as Superintendent | § § § § § § | |

## MAGISTRATE JUDGE'S AMENDED REPORT AND RECOMMENDATION

Pending before this court are Defendant Harlingen Consolidated Independent School District's Motion for Summary Judgment (Docket No. 10), and Motions for Summary Judgment of Defendants San Benito Consolidated Independent School District and Jose Gonzalez, Individually and in his Official Capacity as Superintendent of Schools of San Benito Consolidated Independent School District (Docket No. 14).

De Leon failed to timely respond to either of these Motions. However, the Court will consider her Response to Defendants' Renewed Motion for Summary Judgment and Brief in Support (Docket No. 23) and Plaintiff's Supplemental Response to Defendants' Renewed Motion for Summary Judgment (Docket No. 26).

Elvia De Leon ("De Leon") sued the Harlingen Consolidated Independent School District ("HCISD"), San Benito Consolidated Independent School District ("SBCISD") and Jose Antonio Gonzalez ("Gonzalez"), Individually and in his Official Capacity as Superintendent of Schools within the SBCISD in Cameron County. On May 14, 1998, the case was removed to this court pursuant

to 28 U.S.C. § 1441(b) as violations of constitutionally protected rights were claimed. (Docket No. 1, Notice of Removal).

## FACTUAL BACKGROUND

The following factual summary is derived in its entirety from De Leon's Second Amended Original Petition. (Docket No. 17).

De Leon is a fifty-five (55) year old, Hispanic, bilingual certified teacher. De Leon alleges that after teaching in the Rio Grande Valley for almost ten years she was unable to obtain employment after 1993 because of the wrongful acts of the Defendants. As a result of these alleged wrongful acts, De Leon brings several causes of action including breach of contract, civil conspiracy, constitutional violations, and intentional infliction of emotional distress.

De Leon claims that she was a teacher employed by the Los Fresnos Consolidated Independent School District ("LFCISD") during the 1991-1992 school year. After a series of unfavorable evaluations, De Leon was informed by the LFCISD administration that she would not be rehired for the 1992-1993 school year. De Leon filed an EEOC complaint which was resolved by her being rehired by LFCISD for the 1992-1993 school year.

In January 1993, De Leon took a leave of absence following an injury at work. When she attempted to return to work, she was informed that no positions were available. Subsequently, De Leon applied for employment with the Brownsville Independent School District ("BISD") and was rejected.

On or about July 12, 1995, De Leon alleges to have signed a contract with the SBCISD. However, in August 1995, before the start of the school year, De Leon was told she did not have a job. De Leon claims that on August 4, 1995 she learned that the SBCISD decided to deny her



ClibPDF - www.fastio.com

employment after speaking with her former employers. (Docket No. 14, Ex. C, Answer to Interrogatory No. 15).[1] HCISD Personnel Director, Frank Miller, and Personnel Secretary, Joyce Taubert, allegedly informed SBCISD that De Leon had a "problem" with a student in the HCISD. In a meeting with Superintendent Gonzalez, De Leon learned that SBCISD had also conferred with LFCISD regarding her employment.

De Leon alleges that subsequent applications for employment at other school districts in the Valley have been rejected. De Leon claims that her inability to find employment is a result of the Defendants conspiracy to "blackball" her and force her from continuing her career as a teacher in the Rio Grande Valley.

## DE LEON'S CAUSES OF ACTION

### *Breach of Contract*

De Leon alleges that SBCISD and Gonzalez, in his official capacity, breached her teaching contract for the 1995-1996 school year in denying her a job in August 1995.

### *Civil Conspiracy*

De Leon claims that HCISD, SBCISD, and Gonzalez entered into a civil conspiracy to ruin her teaching career in the Rio Grande Valley. However, De Leon brings this cause of action solely against Gonzalez in his individual capacity recognizing that suit against the other Defendants is barred by immunity. As a direct result of the conspiracy among the Defendants, De Leon alleges she has suffered mental and financial ruin.

---

[1] Motions for Summary Judgment of Defendants San Benito Consolidated Independent School District and Jose Gonzalez, Individually and in his Official Capacity as Superintendent of Schools of San Benito Consolidated Independent School District.



ClibPDF - www.fastio.com

*Constitutional Violations*

De Leon brings forth the following state constitutional violations and federal constitutional claims pursuant to 42 U.S.C. § 1983:

A. Equal Protection

De Leon alleges that the Defendants violated her right to equal protection pursuant to the Fourteenth Amendment to the United States Constitution and Article One, Section 3 of the Texas Constitution of 1876. Specifically, De Leon argues she was deprived of her right to equal protection as a result of an intentional race-based conspiracy to treat her differently than other teachers in the Rio Grande Valley.

B. Substantive and Procedural Due Process

De Leon claims that the Defendants deprived her of a constitutionally guaranteed liberty and property interest without procedural and substantive due process as required by the Fourteenth Amendment to the United States Constitution and Article One, Section 19 of the Texas Constitution.

1. Liberty Interest

De Leon claims that HCISD deprived her of a constitutionally guaranteed liberty interest without due process of law. Specifically, De Leon alleges that her reputation is a protected liberty interest protected under procedural due process. De Leon contends that as a direct result of HCISD having falsely accused her of having a "problem" with a student, she has been stigmatized and not been able to find employment within the Rio Grande as teacher.

2. Property Interest

De Leon further alleges a deprivation of a constitutionally guaranteed property interest in her employment. De Leon argues that her guaranteed property right was deprived by Gonzalez and



ClibPDF - www.fastio.com

SBCISD in breaching her employment contract. She claims that as a direct result of this wrongful breach, De Leon has not been able to secure employment in the Rio Grande Valley.

*Intentional Infliction of Emotional Distress*

De Leon argues that Gonzalez's actions were extreme and outrageous, and motivated by bad faith and malice. As a result, De Leon claims she has suffered severe emotional distress from the loss of her livelihood as a teacher and is therefore entitled to recover damages for intentional infliction of emotional distress.

*Injunctive Relief*

De Leon seeks injunctive relief. Specifically, De Leon requests that Defendants purge any negative documents from her teaching file.

*Damages*

Additionally, De Leon prays for attorneys fees and compensatory damages. She also seeks punitive damages against "Defendant Garcia," in his individual capacity. It is assumed that Defendant Garcia is in fact Gonzalez.

DEFENDANTS' ARGUMENTS

HCISD's Motion for Summary Judgment (Docket No. 10)

HCISD argues that De Leon's claims for a violation of equal protection and due process under Article 1, Sections 3 and 19 of the Texas Constitution are not recognized causes of action in Texas. HCISD further contends that De Leon's state constitutional claims and federal constitutional violations brought under 42 U.S.C. § 1983 claims are time barred. HCISD contends that these constitutional claims were not filed within two years of their accrual as required by section 16.003 of the TEX. CIV. PRAC. & REM. CODE. HCISD argues that in addition to being barred by limitations,



ClibPDF - www.fastio.com

De Leon's constitutional claims are unsubstantiated by any competent summary judgment evidence.

In the alternative, HCISD argues that it is entitled to summary judgment on De Leon's claim for deprivation of her constitutional liberty interest because reputation alone is not a constitutionally protected interest. HCISD contends that a claim of a liberty interest arising from stigmatization must be accompanied by a loss of a protected property interest. HCISD argues that De Leon fails to establish a supporting property interest in her employment for two reasons. First, the mere unilateral expectancy in employment does not create a recognized property interest under the Fourteenth Amendment. Second, under Texas law, TEX. EDUC. CODE ANN. § 21.204(c), employment contracts must be approved by the school district's Board of Trustees. HCISD contends that De Leon's "contract" with SBCISD was never approved by that District's Board of Trustees. Therefore, HCISD argues, De Leon's expectation of employment does not rise to a constitutionally protected property right which would afford her a cause of action.

Further, HCISD argues that De Leon's liberty interest and due process claims must fail on another ground. HCISD claims that because De Leon cannot show that the alleged statement made by HCISD regarding De Leon's problem with a student is false, HCISD is entitled to summary judgment. HCISD points out that De Leon's 1992 application for employment states that she left her job with HCISD in 1991 because "I feel I can't help my lower level class students enough."

SBCISD and Gonzalez's Motion for Summary Judgment (Docket No. 14)

SBCISD and Gonzalez argue that De Leon's real claims against them are for breach of contract and conspiracy and/or defamation. They argue that summary judgment is appropriate for the following reasons:

1. TEX. CIV. PRAC. & REM. CODE ANN § 101.021 does not waive sovereign immunity



ClibPDF - www.fastio.com

for the claims brought by De Leon.

2. De Leon's tort claims against SBCISD are barred by TEX. CIV. PRAC. & REM. CODE ANN. § 101.051.

3. TEX. CIV. PRAC. & REM. CODE ANN. § 101.026 gives Gonzalez individual immunity.

4. There are no causes of action for civil conspiracy, intentional infliction of emotional distress and defamation under TEX. CIV. PRAC. & REM. CODE ANN. § 101.057 since these are intentional torts.

5. There never was an executed contract between De Leon and SBCISD.

6. De Leon's claims do not allege acts which rise to the level of a deprivation of any constitutionally protected right.

SBCISD contends that it is entitled to summary judgment because the Texas Tort Claims Act, TEX. CIV. PRAC. & REM. CODE ANN. § 101.001 et seq., does not waive sovereign immunity for De Leon's claims. Additionally, the tort claims made by De Leon are for intentional torts. SBCISD points out that TEX. CIV. PRAC. & REM. CODE ANN. § 101.057 bars a cause of action against a governmental entity for intentional torts.

Further, SBCISD argues that De Leon does not have a breach of contract claim, because TEX. EDUC. CODE ANN. § 21.002 states that teachers may be hired under probationary, continuing or term contracts. SBCISD argues that SBCISD policy states that the SBCISD superintendent makes recommendations to the School Board which, in turn, makes the selections for teachers. De Leon was never selected by the School Board for the 1995-1996 school year.

Gonzalez asserts that Tex. Civ. Prac. & Rem. Code Ann. § 101.026 and Tex. Educ. Code Ann. § 22.051 afford him immunity from De Leon's claims. Further, Gonzalez argues that the only



ClibPDF - www.fastio.com

claims against him are based on De Leon's allegations that he breached her teaching contract which was, according to her, signed on July 12, 1995. Gonzalez claims that there is no evidence that he was a signator to the July 1995 contract. In support of this argument, Gonzalez notes that he became superintendent of SBCISD on November 14, 1995.

With respect to the constitutional claims, SBCISD and Gonzalez argue that De Leon cannot show a policy, practice, or custom on the part of SBCISD, thus her constitutional claims brought under section 1983 should be dismissed. They also argue that De Leon has no constitutionally protected property or liberty interest in employment or the claims of conspiracy and false accusations. Finally, SBCISD and Gonzalez argue that De Leon's constitutional claims are barred by the two year Texas limitation statute, TEX. CIV. PRAC. & REM. CODE ANN. § 16.003.

PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTIONS

De Leon argues that the Defendants' Motions for Summary Judgment must fail for the reasons set forth below. De Leon's responsive arguments are drawn from her Response to Defendants' Renewed Motion for Summary Judgment and Brief in Support. (Docket No. 23).[2]

In Response to SBCISD's Motion, De Leon contends that she does have a legally enforceable contract with SBCISD. In support of this argument, De Leon states that she signed a contract with SBCISD on July 12, 1995 and was assigned to Doctor Cash Elementary School ("Cash Elementary"). She further notes that she signed several formal, legal documents that were required prior to her working at Cash Elementary.

With respect to her constitutional claims, De Leon responds as follows. De Leon argues that

---

[2]No supporting arguments were drawn from De Leon's Supplemental Response to Defendants' Renewed Motion for Summary Judgment as her Supplemental Response consists of an amended affidavit to be attached to her previously filed Response.



ClibPDF - www.fastio.com

SBCISD violated her substantive due process rights, specifically her property interest, by terminating her employment contract without any legal basis. De Leon argues that a contract for employment is a protected property interest under the Due Process Clause. She contends that SBCISD and De Leon had a "mutually explicit understanding" that De Leon had a contract to teach within the SBCISD. Therefore, De Leon argues that SBCISD violated her constitutionally protected property interest in wrongfully breaching her contract.

De Leon also claims that HCISD, SBCISD, and Gonzales, in his official capacity, violated De Leon's her substantive due process rights in depriving her of a liberty interest by intentionally stigmatizing her career as a teacher. De Leon asserts that an individuals' liberty interest is violated if she is discharged in a way that forecloses her from accepting other employment or damages her standing in the community. De Leon argues that the HCISD stigmatized her with unfounded, false accusations of her having had a problem with a student.

Further, De Leon argues that SBCISD has implemented a policy and/or practice which was the cause of her constitutional violations. In support of her assertion of a policy and/or practice, De Leon contends the following: SBCISD did not circulate her resume to any principal within the district; and several SBCISD employees stated that she no longer worked for the them based on a negative recommendation from HCISD. This practice, De Leon argues, resulted in a deprivation of her constitutionally protected interests.

In response to SBCISD's sovereign immunity defense under the Texas Tort Claims Act for the acts of its employee Gonzales, De Leon argues that employees of school districts are liable if they were not performing discretionary governmental functions within the scope of their employment. De Leon argues that Gonzales acted outside the scope of his authority as Superintendent by wrongfully



ClibPDF - www.fastio.com

breaching her teaching contract with SBCISD. De Leon contends that Gonzales is not entitled to immunity because he acted intentionally, with bad faith and/or with conscious disregard of her constitutionally guaranteed rights.

De Leon further claims that her state and federal claims are not barred by the Texas two-year statute of limitations. De Leon states that the statute of limitations begins to run when the plaintiff becomes aware that she has suffered an injury or that she has been injured. De Leon notes that the instant lawsuit was filed on November 4, 1997. De Leon contends that she was apprised of her injury on or about October 1996 when she learned that her application to teach in SBCISD had never been forwarded to any other principal in the district.

Finally, De Leon argues that the Defendants have not met their burden of showing the absence of a genuine issue of material fact nor have they demonstrated that no disputed material fact issue exists regarding the affirmative defenses asserted. De Leon claims that she has presented sufficient evidence to support an "essential element" of each of her claims as required to defeat a motion for summary judgment.

## RECOMMENDATION

A defendant moving for summary judgment may satisfy its burden in one of two ways. First, the defendant may submit summary judgment evidence that negates the existence of a material element of the plaintiff's claim. *Celotex v. Catrett*, 477 U.S. 317, 322-24 (1989). Alternatively, the defendant may show there is no evidence to support an essential element of the plaintiff's claim. *Celotex*, 477 U.S. at 325. It is not necessary for the Defendant to introduce evidence that negates the plaintiff's claim. *Id.* at 323; *Wallace v. Texas Tech Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996).

Second, a defendant may move for summary judgment on its affirmative defense. When a



ClibPDF - www.fastio.com

defendant moves on its affirmative defense, it must show the absence of a genuine issue of material fact and establish each element of its defense as a matter of law. *Crescent Towing & Salvage Co. v. M/V Anax*, 40 F.3d 741, 744 (5th Cir. 1994). If the defendant carries its burden, the plaintiff must produce significant, probative evidence demonstrating the existence of a triable issue of fact on one element of the defendant's defense. *Kansa Reinsurance Co. v. Congressional Mtg. Corp.*, 20 F.3d 1362, 1371 (5th Cir. 1994). An application of both standards for summary judgment leads to the resolution of the legal issues raised in the instant Motions for Summary Judgment.

*Breach of Contract*

Before there can be a cause of action for a breach of contract, there must be a legally enforceable agreement between two parties. Texas statutes are clear. Unless a contract with a teacher is approved by a school board, it is not a contract. TEX. EDUC. CODE ANN. §§ 21.002 and 21.204(c) (Vernon 1996). A review of the summary judgment evidence proffered by SBCISD, including the SBCISD Superintendent's affidavit and the school board's minutes, reveals that the Board did not enter into a contract with De Leon in 1995. (Docket No. 14, Ex. A & B). De Leon offers no controverting evidence that would establish that the Board approved and entered into a contract with her. A review of the record reveals that De Leon has not provided a copy of the alleged contract between the parties. Further, De Leon's evidence of a contract includes a notice to employees regarding health insurance, a tuberculosis test form, and a professional credentials list. De Leon's evidence is insufficient to controvert SBCISD's summary judgment evidence. (Docket No. 23, Ex. F). In light of SBCISD's uncontroverted summary judgment evidence, summary judgment is proper as De Leon's allegations fail to state a cause of action for breach of contract.



ClibPDF - www.fastio.com

*Federal Constitutional Violations*

Federal constitutional claims brought under section 1983 claims are subject to the two year Texas limitations statute. TEX. CIV. PRAC. & REM. CODE ANN. § 16.003 (Vernon Supp. 1999); *Flores v Cameron,* 92 F.3d 258 (5th Cir. 1996). De Leon's due process claims all arise from her contention that SBCISD breached its contract with her in August 1995 and later stigmatized her as a result of false accusations. (Docket No. 18, Plaintiff's Second Amended Petition). In light of this court's finding that there is no evidence of a contract, De Leon's federal constitutional claim for deprivation of a property interest based on a breach of contract is moot and thereby need not be addressed by this court.

De Leon's due process claim for deprivation of a liberty interest based on injury to her reputation, however, is barred by the Texas two year limitations statute. The basis of De Leon's liberty interest violation is HCISD's alleged false accusations regarding her having had a problem with a student. De Leon first discovered these accusations were being made on August 4, 1995. (Docket No.10, Ex. C, Plaintiff's Answer to Interrogatory No. 15). However, De Leon did not bring suit until November 4, 1997. (Docket No. 1, Plaintiff's Original Petition). Accordingly, De Leon's due process claim for deprivation of a liberty interest is not actionable as it is barred by the Texas two year limitations statute.

De Leon's due process claim for deprivation of a liberty interest fails on another basis. In order to establish liability under 42 U.S.C. § 1983, a plaintiff must show that the alleged damages were affirmatively caused by a "policy, custom, or practice" of the defendant. *Monell v. New York Dept. Social Services*, 436 U.S. 685 (1978); *Leffall v. Dallas Independent School District,* 28 F.3d 521, 525 (5th Cir. 1994). In the instant case, De Leon's allegation that SBCISD did not forward her



ClibPDF - www.fastio.com

resume to other districts is not sufficient to establish the existence of a custom or policy. Equally deficient is De Leon's contention that several SBCISD employees indicated that negative recommendations from HCISD precluded her from obtaining employment. Allegations of an isolated inicident are not sufficient to show the existence of a policy or practice. *Fraire v. City of Arlington*, 957 F.2d 1268, 1278 (5th Cir. 1992). Even if this court were to find that SBCISD's alleged refusal to forward De Leon's resume and the statements made by SBCISD employees did in fact rise to the level of a violation of De Leon's constitutional rights, "isolated violations are not the persistent, often repeated constant violations that constitute custom and policy." *Bennett v. City of Slidell*, 728 F.2d 762, 768 n.3 (5th Cir. 1984), *cert. denied*, 472 U.S. 1016 (1985). Accordingly, De Leon's allegations are not sufficient to controvert SBCISD's and HCISD's contention that De Leon has presented no evidence that would show that her section 1983 complaints are grounded on a policy or custom of either school district defendant. *Leffall*, 28 F.3d at 525. In light of no controverting evidence to support De Leon's cause of action under section 1983, summary judgment is proper.

*Texas Constitutional Violations*

De Leon also makes claims under the Texas Constitution. It is axiomatic that violations of the Texas Constitution do not provide a cause of action against governmental entities. *City of Beaumont v. Bullion*, 896 S.W.2d 143 (Tex. 1995). De Leon's Texas constitutional violations fail for failure to state a cause of action.

*Tort Claims*

De Leon's tort claims are precluded by summary judgment based on the affirmative defense of sovereign immunity. Even if De Leon's claims were not barred by limitations, they have no merit. The Texas Tort Claims Act waives sovereign immunity in limited areas. TEX. CIV. PRAC. & REM.



ClibPDF - www.fastio.com

CODE ANN. § 101.001 et seq. (Vernon 1997 & Supp. 1999). With respect to school districts, immunity is waived only for claims arising out of motor vehicle claims. TEX. CIV. PRAC. & REM. CODE ANN. § 101.051 (Vernon 1997). However, sovereign immunity in Texas has not been waived for intentional torts. TEX. CIV. PRAC. & REM. CODE ANN. § 101.057 (Vernon 1997). Many of De Leon's complaints are intentional tort allegations. Accordingly, these claims are barred by sovereign immunity under the Texas Tort Claims Act.

The case against Gonzalez fails in light of his immunity defense. Under both the Texas Tort Claims Act and the Texas Education Code, he is immune from suit for claims arising out of the performance of his official duties. Tex. Educ. Code Ann. § 22.051 (Vernon 1997); TEX. CIV. PRAC. & REM. CODE ANN. § 101.026 (Vernon 1996). Assuming, arguendo, that he was the Superintendent of SBCISD during the summer of 1995[3] and that he entered into an agreement with De Leon, Gonzalez's actions would have fallen within the scope of his official duties. *Rogan v. Lewis,* 975 F. Supp. 956, 961 (S.D. Tex. 1997); *Jones v. Houston Independent School District*, 805 F. Supp. 476, 479 (S.D. Tex. 1991). Accordingly, summary judgment is warranted.

De Leon's claims are without merit. IT IS THEREFORE RECOMMENDED that Defendant Harlingen Consolidated Independent School District's Motion for Summary Judgment (Docket No. 10) should be GRANTED, and Plaintiff Elvia De Leon's claims against the Defendant for breach of contract, civil conspiracy, federal and state constitutional violations, and intentional infliction of emotional distress be DISMISSED WITH PREJUDICE.

IT IS FURTHER RECOMMENDED that Defendants San Benito Consolidated Independent

---

[3]The Gonzales affidavit states that he became superintendent on November 14, 1995. (Docket No. 14, Ex. A).



ClibPDF - www.fastio.com

School District and Jose Gonzalez's, Individually and in his Official Capacity as Superintendent of Schools, Motion for Summary Judgment (Docket No. 14) should be GRANTED, and Plaintiff Elvia De Leon's claims against the Defendants for breach of contract, civil conspiracy, federal and state constitutional violations, and intentional infliction of emotional distress should be DISMISSED WITH PREJUDICE.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. See *Douglass v. United Service Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

DONE at Brownsville, Texas, this the 22nd day of June, 1999.

John Wm. Black
United States Magistrate Judge



ClibPDF - www.fastio.com